IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANYA BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-CV-01726-PLD |
| | ) | |
| vs. | ) | |
| | ) | |
| FAMILY DOLLAR STORES OF PENNSYLVANIA, LLC, A VIRGINIA LIMITED LIABILITY COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I. **Relevant Procedural Background**

This action was removed to this Court by Defendant Family Dollar Stores of Pennsylvania, LLC on November 5, 2025. Because Defendant is an LLC, it was unclear if diversity citizenship existed. As a result, an Order was issued on November 7, 2025 directing Defendant to file an amended notice of removal that would set forth sufficient facts to establish diversity.

Defendant did not file an amended notice or otherwise communicate with the Court. Thus, on January 6, 2026, Defendant was ordered to show cause why this action should not be dismissed. In its January 13, 2026 response, Defendant did not provide any additional facts about diversity. Instead, it merely indicated that it did not oppose remand.

The Court scheduled a telephone conference for January 20, 2026. Plaintiff's counsel did not appear and efforts to contact him were unsuccessful. The telephone conference took place with Defendant's counsel, who indicated that the failure to comply with the Court's November 7, 2025

order was as a result of failure to calendar the deadline, a matter that her administrative assistant failed to do.

On January 20, after the conference, the Court issued two orders. First, it ordered Plaintiff's counsel to file a report explaining his failure to appear. He failed to comply with this order or communicate in any fashion.

The Court also ordered Defendant to file a motion for remand by February 3, 2026. Defendant failed to file the motion or otherwise communicate with the Court.

The Court then issued another show cause order on February 10, 2026 directing counsel for both parties to appear in court to show cause why they should not be sanctioned for their failure to comply with court orders.

II. **Hearing on February 20, 2026**

Both counsel appeared at the February 20, 2026 hearing and were provided with the opportunity to explain their conduct. Plaintiff's counsel offered no compelling explanation for his failure to appear at the telephone conference. He stated that he did not see the date of the conference but did not deny receiving the order scheduling it. He further indicated that since the defendant filed a motion to remand, he believed his requirement to comply with court orders was "moot." Further, if the case was remanded, his absence would not be "that offensive."

With respect to his failure to file a report to explain his failure to appear, he offered a variety of reasons, including problems with Pacer, no longer having the ability to file paper documents with the Court, and unfamiliarity with court practices as he does not file cases in federal court. Counsel made no effort to contact the Court when this multitude of problems apparently arose. As to his failure to file the required report, counsel stated that he never comes to federal

court, was "dragged here," and the last time he accessed Pacer was 15 or 17 years ago. However, a review of the court's document management system confirms that Plaintiff's counsel has been counsel of record in at least eleven other cases in the Western District of Pennsylvania since 2008, including two before the undersigned. While it appears that counsel does not routinely *commence* actions in this district, he has appeared in this court in multiple cases, is a registered user of the electronic filing system and appears to have basic familiarity with court practices. Indeed, in the cases of *McElroy v. FirstEnergy Nuclear Operating Company et al,* at 2:18-cv-1612 and *Brockman v. Progressive Advanced Insurance Company* at 2:24-308, both which were before the undersigned, counsel successfully filed multiple documents. Based on this history, the Court must conclude that counsel was not candid in representing his history in the Western District of Pennsylvania.

In short, Plaintiff's counsel's excuses for failing to appear for a scheduled conference and then failing to file a court-ordered report are singularly unpersuasive. Moreover, they betray a lack of candor and seeming indifference to complying with court orders.

With respect to counsel for Defendant, she stated that while she prepared the motion to remand, she then started a trial and was unaware that her legal assistant failed to docket it. She was reminded that she had the responsibility to do so and acknowledged this responsibility.

### III.   Findings

#### A.   Plaintiff's Counsel

Counsel's explanations for his failure to comply with two court orders were, to say the least, quite underwhelming. His excuse about not being familiar with filing procedures rings hollow given his involvement as counsel in prior cases in this court and prior uses of the electronic filing system. Even assuming that he experienced difficulties in filing, he failed to offer any

3

explanation for why he did not contact the Court's Chambers, or at any time thereafter, file a document that explained his conduct. His disregard of court orders and failure to communicate with or appear before the Court until the possibility that he might be sanctioned strongly suggests that he does not fully understand his obligations to his client, whose case has languished since November, 2025, or his duties as an officer of the court.

Therefore, the Court concludes that his conduct requires the imposition of sanctions. An appropriate order will follow.

B. <u>Defendant's Counsel</u>

Counsel for Defendant failed to timely comply with two court orders. While missing these court-ordered deadlines appears to have been impacted by issues with her administrative assistant, counsel bears sole and full responsibility for ensuring compliance with court orders. Notably, she acknowledged this responsibility during the hearing. Therefore, while the Court will not impose sanctions, it strongly recommends that counsel adopt and employ appropriate case management practices that will ensure her timely compliance with court orders and court-ordered deadlines.

BY THE COURT:

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

Dated: March 5, 2026