IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA BRADLEY, ) | |
|         Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 2:25-1726 |
| ) | |
| FAMILY DOLLAR STORES OF ) | |
| PENNSYLVANIA, LLC, ) | |
| ) | |
|         Defendant. ) | |

**MEMORANDUM OPINION**

Pending before the Court is the motion filed by Defendant to remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania (ECF No. 11). For the reasons that follow, the motion will be granted.[1]

On July 25, 2025, Plaintiff Tanya Bradley filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, alleging a claim of negligence arising out of an incident in which she was injured while in a store owned by Defendant Family Dollar Stores of Pennsylvania, LLC ("Family Dollar"). On November 5, 2025, Family Dollar removed the case to this Court on the basis of diversity of citizenship (ECF No. 1).

The Notice of Removal stated that Family Dollar was "a corporation with a principal place of business and registered office in Chesapeake, Virginia." However, its name indicated that it was a Limited Liability Company ("LLC"). "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419-20 (3d Cir. 2010). In addition, where one of the members of the LLC named in the complaint is also an

---

[1] The parties have consented to full jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 13.)

LLC, the citizenship of that LLC's members must also be traced to determine the citizenship of the LLC named in the complaint. *Id.* at 420 (citation omitted). The Notice of Removal failed to allege the citizenship of the members of Defendant, an LLC.

Ultimately, the Court directed Defendant to file a motion to remand, which was belatedly filed on February 13, 2026 (ECF No. 11). In the motion, Defendant indicates that: (1) Family Dollar was sold by its parent company, Dollar Tree, in late July 2025; (2) due to this sale, Defendant no longer believes that there is a diversity jurisdiction between the parties; and (3) counsel for Plaintiff consents to this remand.

The federal statute relating to remand states that: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This case was removed based on diversity jurisdiction. With respect to subject matter jurisdiction based on diversity, the United States Supreme Court has interpreted 28 U.S.C. § 1332 to require complete diversity. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003). As the Court of Appeals for the Third Circuit has explained, that means "no plaintiff can be a citizen of the same state as any of the defendants." *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). And in diversity cases, "doubts must be resolved in favor of remand." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004) (citation omitted).

In this case, the removing party no longer believes that it can assert complete diversity between the parties because it cannot identify the citizenship of the members of the Defendant, an LLC. Therefore, because there is considerable doubt that diversity jurisdiction exists, Defendant's motion to remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania will be granted.

An appropriate order follows.

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

Dated: March 5, 2026